UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Omar Phillips, ) | Civil Action No.: 4:15-cv-02362-RBH |
| ) | Crim. No.: 4:13-cr-00314-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255 filed on June 10, 2015. [ECF #71]. Petitioner moves to vacate his sentence arguing that he received ineffective assistance of counsel in entering a plea of guilty to conspiracy to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine. [ECF #71].

On September 28, 2015, Respondent filed a motion for summary judgment [ECF #83] arguing summary judgment should be entered on behalf of the government because Petitioner's counsel was not ineffective, nor did any actions on the part of Petitioner's counsel result in prejudice to Petitioner. On September 29, 2015, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a response to the government's motion on November 4, 2015. [ECF #91]. Petitioner also filed an amendment to his motion to vacate pursuant to Federal Rule of Civil Procedure 15 on May 1, 2017. [ECF #93-1]. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows

**Procedural History**

On or about April 23, 2013, Petitioner was indicted on three counts: (1) conspiracy to possess with intent to distribute and distribution of 280 grams or more of cocaine base (commonly known as "crack" cocaine), and 500 grams or more of cocaine in violation of in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); all in violation of 21 U.S.C. §846; (2) possession with intent to distribute and distribution of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession with intent to distribute and distribution of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [ECF #2]. On August 23, 2013, Petitioner, represented by counsel, pled guilty to Count I of a single lesser-included conspiracy charge to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine pursuant to a Rule 11(c)(1)(C) plea agreement, resulting in a stipulated sentence of 188 months. [ECF #1, p. 4]. Included within the plea agreement was a waiver of Petitioner's right to contest the conviction by either direct appeal or other post-conviction action, with the exception of an ineffective assistance of counsel claim. [ECF #31, p. 5]. During the guilty plea hearing, Petitioner agreed, under oath, to the following: (1) he was satisfied with the manner in which his lawyer advised and represented him; (2) he had talked with his lawyer for as often and for as long as he felt necessary for the attorney to represent him; (3) he understood the conversations he had with his lawyer; (4) he did not need additional time to speak with his lawyer; (5) his lawyer had done everything for him that Petitioner felt should have or could have been done; (6) his lawyer had not failed to do anything that Petitioner asked the lawyer to do; (7) he was satisfied with his lawyer's services; and (8) he had no complaint to bring before the Court regarding his lawyer. [ECF #59, pp. 18-22]. The U.S. Probation Office prepared a presentence investigation report ("PSR"). The

---

that petitioner is entitled to no relief").

PSR identified Petitioner as a career offender pursuant to USSG § 4B1.1. However, his offense level was determined by the drug weights, possession of a firearm during the offense, and a role enhancement adjustment, causing his adjusted offense level to be 36.[2] Petitioner's initial advisory guideline range was 235 to 293 months, based upon his plea agreement regarding conspiracy to possess with intent to distribute 28 grams or more of cocaine base, a lesser included offense of Count I. At sentencing, the government agreed to change the PSR based on an objection by Petitioner as to the applicability of the leadership role enhancement adjustment, resulting in a revised advisory guideline range of 188 to 235 months. The Court sentenced Petitioner to the stipulated 11(c)(1)(C) sentence of 188 months imprisonment. [ECF #45].

On February 21, 2014, Petitioner timely filed a notice of appeal. [ECF #49]. On September 29, 2014, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and dismissed the appeal. [ECF #67]. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on June 10, 2015. [ECF #71]. Respondent filed a motion for summary judgment on September 28, 2015. [ECF #83]. Petitioner responded to the motion on November 4, 2015. [ECF #91]. Petitioner also filed a pro se motion to amend his motion on May 1, 2017. [ECF #93].

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

---

[2] The government points out that Petitioner's career offender designation would result in an offense level of 34. [ECF #83-1, p. 4].

3

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted). Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Legal Standard for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

4

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

## Discussion

### I. Motion to Amend Petition

Petitioner timely filed his motion to vacate under 28 U.S.C. § 2255 on June 10, 2015. On May 1, 2017, Petitioner filed an amendment to his motion, seeking to make additional arguments to support his motion to vacate filed pursuant to § 2255. [ECF #93]. Respondent has not filed a response to Petitioner's amendment. Courts have typically applied the Federal Rules of Civil Procedure in analyzing amendments to a § 2255 motion because the rules governing these petitions do not otherwise specify a procedure. *U.S. v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Petitioner's motion is subject to a one year period of limitation to file. 28 U.S.C. § 2255(f). When proposed claims in an amendment would be barred by the applicable statute of limitations, Federal Rule of Civil Procedure 15(c) governs the amendment of pleadings that "relate back" to the date of an original pleading. A claim "relates back" when the claim or defense asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading. Fed R. Civ. P. 15(c)(2). In his Motion to Vacate, Petitioner argues ineffective assistance of trial counsel based on several grounds. Petitioner's grounds include: (1) failure to promptly investigate issues related to statements by witnesses which increase the

5

drug weight attributable to Petitioner; (2) failure to provide appropriate legal advice and information regarding the plea agreement and indictment based on the drug weight references within those documents; (3) the failure of counsel to object at sentencing to his career offender status; (4) the failure of counsel to investigate the improper classification of career offender; and (5) the failure of counsel to challenge the criminal history points attributable in this case. [ECF #72-1]. After reviewing the amendment to the motion, this Court finds that Petitioner advances additional arguments to support the grounds in his initial motion that are sufficiently related to the claims he made at that time. Accordingly, this Court grants the motion to amend his Petition [ECF #93] and will consider the additional arguments provided by Petitioner in analyzing his habeas petition.

### II. Petitioner's Motion to Vacate

Petitioner requests that his sentence be vacated pursuant to 28 U.S.C. § 2255 because he alleges his trial counsel was deficient in his representation of Petitioner. In response, Respondent filed a motion for summary judgment as to all grounds raised in the motion to vacate Petitioner's sentence. To seek relief on claims of ineffective assistance of trial counsel, Petitioner must make the proper showing under *Strickland v. Washington*. *Strickland* provides that a Petitioner must prove both of the following: (1) trial counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In analyzing an ineffective assistance of counsel claim, the proper standard to judge counsel's performance under the first prong of *Strickland v. Washington* is that of "reasonably effective assistance." *Id.* at 687. The strong presumption is that counsel rendered adequate assistance and made all significant decisions in the exercise of "reasonable professional judgment." *Id.* at 690; *see also Mazzell v. Evatt*, 88 F.3d 263, 266 (4th Cir. 1996) (stating

a defendant must show that counsel's performance "fell below an objective standard of reasonableness."). In proving the second prong, Petitioner must show that any deficiencies in counsel's performance were sufficiently prejudicial to the defense. *Strickland*, 466 at 693; *see also Evans v. Smith*, 220 F.3d 306, 317 (4th Cir. 2000) (explaining the court must determine whether there is a reasonable probability, that but for counsel's errors, the result would have been different). The question is thus whether, absent errors by counsel, the fact finder would have reasonable doubt respecting guilt. *Strickland*, 466 U.S. at 694.

In circumstances such as this, where a defendant has pled guilty, the hurdle to establish prejudice is high. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). A petitioner must show that absent counsel's unprofessional errors, there is a reasonable probability that he or she would not have pled guilty, and instead would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Furthermore, "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221(4th Cir 2005). Courts mut be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 plea colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"), partially overruled on other grounds by *United States v. Whitley*, 759 F.2d 327 (4th Cir. 1985) (en banc); *Lasiter v. Thomas*, 89 F.3d 699, 702-

7

03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222. Prior to addressing the specific grounds raised by Petitioner, this Court notes that Petitioner's claims directly contradict the sworn statements made at the guilty plea hearing.

### 1. Ground One-Failure to Investigate

Petitioner's first basis for relief is that he alleges his trial counsel was ineffective by failing to properly investigate his case such that Petitioner was subject to a "defective" indictment and plea agreement. Petitioner argues that his attorney failed to investigate the facts alleged by several witnesses who he claims perjured themselves in attributing certain drug weights to Petitioner. Petitioner alleges he was in state prison at the time some of these witnesses, and consequently the indictment, indicate he was a participant in the conspiracy. Petitioner also states that his attorney failed to investigate inconsistencies within the PSR and the indictment. Petitioner argues that several witnesses who alleged Petitioner sold and/or possessed the drugs in their respective weights made false claims, particularly since he was in state prison at the time of these alleged interactions. Therefore, Petitioner argues there

8

is a question as to whether there was any evidence of a conspiracy. In other words, the essence of Petitioner's argument is that had his trial counsel properly investigated his case, trial counsel would have discovered that Petitioner was incarcerated for a period of time between August 10, 2000 through July 2005, which covers the time period that several informants alleged Petitioner participated in drug transactions that are reflected in the PSR and the indictment. Moreover, Petitioner contends in his amendment to his petition that his counsel should have challenged subject matter jurisdiction because "the thing that forms subject matter" here is the crimes which he allegedly committed, which he contends are based on false statements. [ECF #93-1, p. 5]. Petitioner alleges that his attorney induced him into signing the plea agreement without investigating the ability of the Government to prove the drug weights within Count I of the indictment, given that Petitioner claims some of the witnesses committed perjury.

In response, Respondent argues that Petitioner's grounds are without merit and provides the affidavit of Thurmond Brooker, Petitioner's trial counsel, to refute the ineffective assistance of counsel claims and affirmatively establish that Mr. Brooker was not ineffective in investigating Petitioner's case. In his affidavit, Mr. Brooker contends that he explained to his client that the indictment provides a range of time for the alleged conspiracy to have occurred and that a jury might hear evidence of his alleged involvement in the conspiracy after he was released from prison. Respondent also argues that Petitioner's allegations should be rejected as inconsistent with his sworn statements made during the plea hearing.

This Court finds Petitioner's first ground to be without merit. First, Petitioner was not in jail during the entire time period that the indictment indicates the conspiracy occurred. It appears from Mr. Brooker's affidavit that Petitioner immediately explained to Mr. Brooker the factual discrepancy in two

of the informant's statements that he was allegedly in possession of drugs during the time period he was incarcerated. The time period alleged in the indictment is a time span "beginning at least in or around 2004, and continuing thereafter up to and including the date of this Indictment." [ECF #2, p. 1]. The indictment was filed on April 23, 2013. Thus, the indictment provided a broad, long range of time for the alleged conspiracy to have occurred. Furthermore, the government had substantial proof of Petitioner's participation in the conspiracy after his release from the South Carolina Department of Corrections ("SCDC") in July 2005; therefore, even assuming Petitioner was in jail for the start of the conspiracy, this does not otherwise negate his involvement. *See United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). This circuit's precedent provides that a defendant need only have a "slight connection" to the conspiracy and need not have been involved from its inception. *U.S. v. Burgos*, 94 F.3d 849, 861 (4th Cir. 1996). He had more than a slight connection after his release from SCDC in 2005 according to the government's cooperating informants.

Furthermore, at Petitioner's guilty plea hearing, he stated that he had received a copy of the indictment and reviewed the charges. [ECF #59, p. 20]. He admitted to each element of the offense for which he pled guilty, specifically a lesser drug amount of Count I of the indictment. [ECF #59, pp. 20-21]. Petitioner also admitted to his involvement in the facts forming the basis to support the conspiracy count to which he pled. [ECF #59, pp. 27-28]. Petitioner therefore admitted in his plea colloquy to the allegations as to drug weights that he now claims are based on untruthful information. Further, as to his satisfaction with Mr. Brooker's representation, Petitioner provided the Court with sworn statements in his Rule 11 colloquy that contradict the allegations he now sets forth in his motion to vacate because he testified that he was satisfied with his representation and that his lawyer had not failed to do anything asked of him to do. Petitioner has not made a proper showing to overcome the presumption

10

that Petitioner was truthful at his plea hearing. *United States v. Lemaster*, 403 F.3d 216, 221(4th Cir 2005). Nor has Petitioner shown that but for this alleged failure to investigate the witness statements and time period he was in jail, he would have not pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, even taking into account the fact that Petitioner was incarcerated for a period of time covered by the entire length of time alleged in the indictment, this does not somehow invalidate the indictment. Nor does this Court find that Petitioner was prejudiced by any representation from Mr. Brooker because he admitted under oath to the allegations provided for as to the lesser drug weight in Count I of the indictment. Therefore, this Court finds that Petitioner failed to meet his burden under *Strickland* in that Petitioner has not shown his attorney was deficient, and clearly he was not prejudiced as a result of Mr. Brooker's representation.

2. Ground Two-Improper Advice Leading to a Guilty Plea

Similar to his first ground, Petitioner argues that his trial counsel was ineffective because he provided poor legal advice that led to Petitioner signing a "defective plea agreement." [ECF #72-1]. Petitioner's support for his allegation that the plea agreement was defective is that it is based upon information deduced from witnesses he says committed perjury. Petitioner further argues that counsel was deficient in failing to tell him that the statements were inadmissible under Rule 801(d)(2)(E). He contends that trial counsel provided ineffective assistance by providing erroneous information regarding whether drug quantities alleged by witnesses Mr. Graham, Mr. Collington, and Mr. Quick could be added together to obtain a conviction and by failing to explain to Petitioner what the elements of a conspiracy include. Petitioner argues that trial counsel did not advise him that the evidence against him was impermissible evidence to obtain a conviction. Petitioner further asserts that he was induced to sign the guilty plea without the assistance of his counsel inquiring into whether the Government was capable

11

of proving the amount of drugs alleged in Count One of the indictment.

As previously explained in considering Petitioner's first ground, Petitioner admitted in his plea colloquy to the information that may have otherwise been provided by these witnesses had his case gone to trial. Petitioner specifically admitted to engaging in a conspiracy to distribute 28 or more grams of cocaine base and 500 grams or more of cocaine, a lesser amount than initially provided for in Count I. Therefore, his arguments regarding his counsel's failure to discuss whether drug weights can be added together to obtain a conviction are without merit, because he specifically admitted to a lesser included amount at the plea hearing.[3] Moreover, Petitioner's arguments that he was not aware that the witness statements were inadmissible assumes these witnesses would not testify live had he gone to trial. His allegations are also speculative in that Petitioner's argument assumes that had his case gone to trial, the witness statements would not be admissible pursuant to an exception to the hearsay rule.

Petitioner argues that Mr. Booker did not adequately explain to him what elements the Government needed to prove in order to find him guilty of a conspiracy under § 846. Even assuming Petitioner is correct that Mr. Brooker did not expressly discuss the elements of a conspiracy with Petitioner, this Court specifically went over the elements of the crime he was pleading guilty to at the plea hearing, and they are referenced in his plea agreement which he signed. He acknowledged he admitted to them and understood the charge. As stated before, Petitioner also represented to this Court that he was satisfied with his legal representation, and that he understood the conversations he had with his lawyer. He swore under oath that he was, in fact, guilty of the conspiracy set forth in the plea

---

[3] *See generally U.S. v. Pruitt*, 156 F.3d 638, 644-45 (6th Cir. 1998) (aggregating multiple transactions committed as part of a conspiracy finding that the conspiracy is a "single, unified offense"); *U.S. v. Pressley*, 469 F.3d 63 (2d Cir. 2006) (finding that a conspiracy is a single, unified offense which constitutes a violation under § 841(b)).

12

agreement. Petitioner has not shown that Mr. Brooker's representation of Petitioner fell below the standard established in *Strickland* and has not shown any prejudice in his decision to enter into a guilty plea and be sentenced pursuant to an 11(c)(1)(C) stipulated sentence. Petitioner has therefore failed to show that, but for Mr. Brooker's alleged errors, Petitioner would not have pled guilty and instead, would have insisted upon going trial.

### 3. Ground Three and Ground Four-"Actual Innocence" to the Career Offender Designation

In Ground Three of his Petition, Petitioner states that his trial counsel was ineffective in failing to object to his classification as a career offender. According to § 4B1.1 Sentencing Guidelines, a defendant is considered a "career offender" if (1) at the time of the offense in question, the defendant was at least eighteen years old; (2) the instance offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. § 4B1.1. However, Petitioner's offense level was not determined by this classification, but rather as explained on page three of this Order, he pled guilty to an 11(c)(1)(C) stipulated sentence. Because Petitioner's sentence was based on a Rule 11(c)(1)(C) stipulated sentence, he cannot show any prejudice arising from Mr. Brooker's alleged failure to object to the career offender designation. Regardless, a review of the PSR indicates that Petitioner was properly designated as a career offender based on four prior convictions (certainly at least two) for possession with intent to distribute drugs. This allegation of ineffectiveness is without merit, and regardless he can show no prejudice.

### 4. Ground Five-Challenge to Criminal History Points

Petitioner further challenges his trial counsel's representation in his claim that counsel did not challenge convictions that resulted in additional points to his criminal history. Within his amendment

13

to his motion, Petitioner generally provides that trial counsel did not adequately develop the record as to his prior convictions. Petitioner was properly designated as a career offender, which automatically placed him in the criminal history category of VI, regardless of the calculation of points. Thus, this claim is without merit and Petitioner can show no prejudice from Mr. Brooker's alleged failure to challenge the prior convictions which resulted his criminal history points. Also, Petitioner here negotiated a Rule 11(c)(1)(C) plea agreement.[4] Accordingly, Petitioner was not prejudiced by his counsel's representation, even assuming there was a miscalculation of points, and Petitioner failed to meet his burden under *Strickland.*

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### **Conclusion**

This Court, in reviewing Petitioner's petition for habeas relief, **GRANTED** Petitioner's request

---

[4] The Court also notes that on August 1, 2013, the Government filed an information notifying Petitioner that he would be subject to enhanced penalties pursuant to 21 U.S.C. § 851. During the plea colloquy, the Government withdrew that information. Had they gone forward with that § 851 enhancement, upon conviction, he could have been subjected to statutory penalties of ten years to life.

14

to consider his amendment to his motion. [ECF #93]. For the reasons stated above, the government's motion for summary judgment [ECF #83] is **GRANTED** and Petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255 [71] is **DENIED and DISMISSED with prejudice**. The Court DENIES a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)

**IT IS SO ORDERED**.

June 26, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge